983 F.2d 1057
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Lee SWANN, Petitioner-Appellant,
v.
Richard SINGLETON, Warden, Maryland House of Correction,
Respondent-Appellee.
 No. 92-6600.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 1, 1992
Decided: January 15, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-90-194-B)
 Jeffrey Earl Risberg, Staff Attorney, FEDERAL PUBLIC DEFENDER'S OFFICE, Baltimore, Maryland, for Appellant.
 Ann Norman Bosse, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for Appellees.
 Fred Warren Bennett, Federal Public Defender, Baltimore, Maryland, for Appellant.
 J. Joseph Curran, Jr., Attorney General of Maryland, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Petitioner-appellant, William Lee Swann, appeals the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as an abuse of the writ. Finding no error, we affirm.
 
 
 2
 * On January 4, 1968, Swann was convicted of first degree murder in the Circuit Court for Charles County, Maryland. Swann had previously pleaded not guilty and not guilty by reason of insanity. The trial court sentenced Swann to death. Swann noted an appeal to the Court of Special Appeals of Maryland. Swann also filed an application for review of sentence in the trial court alleging that the sentence of death was "unusual punishment." The trial court reduced Swann's sentence to life imprisonment. Thereafter, Swann dismissed his appeal.
 
 
 3
 Swann then sought post-conviction relief in state court. Swann claimed that he was denied a hearing after pleading not guilty by reason of insanity, his confession was involuntary, and he was denied effective assistance of counsel. Swann amended his petition to include claims that he was not sane at the time of the offense or at trial and that he had been denied a determination by the trial court that he was competent to stand trial as required by Maryland law. After a hearing on the claims raised in the petition and amended petition, the state court (Judge Roscoe H. Parker) denied relief by an oral opinion on September 24, 1968. Swann's subsequent petitions for leave to appeal were denied by the Court of Special Appeals of Maryland. Swann v. Warden, Maryland Penitentiary, No. 154 (Md. Ct. Spec. App. May 11, 1970) (unreported opinion).
 
 
 4
 In June 1970, Swann filed his first petition for federal habeas relief in the District Court of Maryland. Swann raised two claims in his petition. First, that his confession was involuntary and, second, that he had not been sane at the time of the offense. The district court dismissed Swann's sanity claim on the merits and advised Swann that his involuntariness claim could be reasserted in an amended petition. Swann amended his petition, but the district court denied relief. Swann v. State of Maryland, Civil Action No. 70-723-N (D. Md. January 21, 1971). Swann's appeal to this court was dismissed in a memorandum decision for the reasons stated by the district court. Swann v. State of Maryland, No. 73-1351 (4th Cir. June 8, 1973) (unpublished memorandum decision).
 
 
 5
 Swann filed his second petition for federal habeas relief on February 25, 1985, claiming, among other things, that he was denied a hearing on the issue of his sanity at the time of the offense and effective assistance of counsel. The district court dismissed Swann's petition for failure to exhaust state court remedies. Swann v. Jon P. Galley, Civil Action No. B-85-930 (D. Md. May 11, 1987).
 
 
 6
 In December 1987, Swann filed a second petition for postconviction relief in state court. He subsequently withdrew this petition and filed an amended petition. In his amended petition, Swann contended that he had been denied both his right to be present at all stages of his trial and his right to confront and cross-examine witnesses at trial. In a supplemental petition, Swann asserted that the trial court had failed to give adequate instructions to the jury. Thereafter, Swann filed a further amendment to his petition asserting that he was entitled to a belated appeal of his conviction. After a hearing on Swann's second petition for state post-conviction relief, the state court denied relief. State of Maryland v. William Lee Swann, Criminal No. 2947 (Circuit Court for Charles County, Maryland, August 16, 1989). Swann's subsequent application for leave to appeal was denied by the Court of Special Appeals of Maryland. William Lee Swann v. State of Maryland, No. 88 (Md. Ct. Spec. App. December 21, 1989) (unreported opinion).
 
 
 7
 On January 17, 1990, Swann filed his third and present petition in the District of Maryland. Swann raises three grounds for relief in his present petition: (1) he was denied his constitutional right to attend bench conferences during his trial; (2) he should have been entitled to a belated appeal; and (3) he should have been afforded a hearing on the issue of sanity.
 
 
 8
 The district court dismissed Swann's second and third claims and ordered the state to amend its answer to address the merits of Swann's first claim regarding bench conferences.[1] On the record before it, the district court could not conclude that Swann had been aware, when filing his earlier petitions, that absence from bench conferences constituted a claim for relief. The district court also determined that because the record of the trial proceedings, which consisted of only a partial transcript, was far from complete, it was necessary to permit further inquiry as to the existence of alternative devices for discovering what occurred at the bench conferences not reflected in the existing transcript. As to the bench conferences reflected in the existing transcript, the district court gleaned no constitutional infirmity. The state filed a response and the district court referred the matter to a magistrate judge for a report and recommendation.
 
 
 9
 On April 16, 1991, the Supreme Court in McCleskey v. Zant, 111 S. Ct. 1454 (1991), held that the cause and prejudice standard applied in procedural default cases should be applied in determining whether a petitioner has abused the writ in a subsequent habeas petition. The Court held that claims not raised in the first federal habeas petition are to be dismissed under the abuse of the writ doctrine unless the petitioner can establish cause and prejudice, or that dismissal of the claims would result in a fundamental miscarriage of justice. Id. at 1470. One week after the Supreme Court's decision in McCleskey, the state requested that Swann's remaining claim be dismissed as an abuse of the writ. In his report and recommendation, the magistrate judge agreed and recommended that Swann's remaining claim be dismissed as an abuse of the writ under McCleskey .
 
 
 10
 Following a hearing on Swann's objections to the magistrate judge's report and recommendation, the district court dismissed Swann's remaining claim as an abuse of the writ. The district court held that the cause and prejudice standard under McCleskey applied retroactively to Swann, noting that the Supreme Court applied the cause and prejudice standard retroactively in McCleskey. The district court rejected Swann's contention that his pro se status and lack of actual knowledge of the factual and legal basis for his claim established cause. The district court also held that Swann had not demonstrated that dismissal of his petition would result in a fundamental miscarriage of justice. Swann subsequently filed a notice of appeal to this court and the district court granted Swann a certificate of probable cause to appeal.
 
 
 11
 Our review of the record, the district court's opinion, and the arguments of counsel discloses that this appeal is without merit. Accordingly, we affirm on the findings and reasoning of the district court. Swann v. Singleton, No. CA-90-194-B (D. Md. May 29, 1992).[2]
 
 AFFIRMED
 
 
 [1]
 Swann's second claim was dismissed for failure to state a cognizable claim under 28 U.S.C. § 2254. Swann's third claim was dismissed as successive under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Swann subsequently noted an appeal to this court, which we dismissed. Swann v. Singleton, 929 F.2d 694 (4th Cir. 1991) (unpublished)
 
 
 [2]
 Our decision is consistent with United States v. MacDonald, 966 F.2d 854 (4th Cir.), cert. denied, 61 U.S.L.W. 3400 (U.S. November 30, 1992) (No. 92-703), a case in which we applied the McCleskey standard to a successive federal habeas petition that was pending before the district court when McCleskey was decided. 966 F.2d at 858 n.6